J-S77025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOEL BLACKSON, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1371 EDA 2017 |

Appeal from the PCRA Order April 12, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1101781-1998

BEFORE: OTT, J., DUBOW, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED JUNE 07, 2019**

Because I agree with the PCRA court that Appellant did not act with due diligence in filing his PCRA petition, I respectfully dissent and offer the following analysis.

In his PCRA petition, Appellant acknowledged that his petition was facially untimely, but claimed that he had satisfied the newly-discovered facts exception because Appellant "was not aware that [Judge] Willis Berry was sentenced for []felonies involving dishonesty until December 11, 2015." PCRA Petition, 1/27/2016, at ¶ 11. It is Appellant's position that because he filed the petition within 60 days of Judge Berry's sentencing, he has satisfied the timeliness exception.

_____

* Retired Senior Judge assigned to the Superior Court.

Despite Appellant's claim that he learned of Judge Berry's legal troubles when Judge Berry was sentenced in 2015, public information about Judge Berry's legal troubles dates back as far as 2009. Specifically, on June 25, 2009, the Court of Judicial Discipline entered an order and opinion suspending Judge Berry without pay due to his utilizing "his judicial office and judicial resources … to assist him in the day-to-day operations concerning his [rental] properties." *In re Berry*, 979 A.2d 991, 994-95 (Pa.Ct.Jud.Disc. 2009). The actions that led to Judge Berry's suspension resulted in criminal charges being filed against Judge Berry in 2014. *Commonwealth v. Berry*, 167 A.3d 100 (Pa. Super. 2017).

"The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Robinson*, 185 A.3d 1055, 1064 n.4 (Pa. Super. 2018) (*en banc*). Moreover, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*).

Here, Appellant purports to rely upon Judge Berry's sentencing in the 2014 criminal case as a newly-discovered fact. However, Judge Berry's conduct has been public information since 2009. Although "the presumption of access to information available in the public domain does not apply where

the untimely PCRA petitioner is *pro se*," Appellant has not set forth any information about when he learned of the conduct that led to Judge Berry's conviction and sentencing. **Burton**, 121 A.3d at 1073. Furthermore, Appellant has not explained why he was unable to discover it until 2015. Accordingly, I conclude that Appellant has not acted with due diligence and would affirm the order of the PCRA court.